# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30321
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2014

Lyle W. Cayce
Clerk

LESLIE JEFFERSON,

　　　　　　　　　　　　　Plaintiff - Appellant

v.

JAMES LONGINO; CHRISTOPHER FREDERICK; MICHELE DAUZAT; JERRY GOODWIN; JAMES LEBLANC; SERGEANT MCNEAL,

　　　　　　　　　　　　　Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CV-2258

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Leslie Jefferson, Louisiana prisoner # 442442, proceeding *pro se* and *in forma pauperis* (IFP), appeals the dismissal—as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (requiring court to dismiss frivolous claims) and 1915A(b) (same)—of his 42 U.S.C. § 1983 complaint, in which he challenged a prison disciplinary conviction. Jefferson contends: the evidence was

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

insufficient for a disciplinary board to find against him; the disciplinary reports were falsified and without factual support; and the investigation was improper.

The district court found Jefferson's complaint was frivolous because it was barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding § 1983 claimant may not recover damages for unconstitutional conviction where conviction has not been, *inter alia*, reversed, expunged, or called into question by issuance of a writ of habeas corpus), and *Edwards v. Balisok*, 520 U.S. 641, 646–47 (1997) (extending *Heck* to prison disciplinary proceedings).   In his appellate brief, however, Jefferson does not address the legal basis for the district court's decision.   When appellant fails to identify error in the district court's analysis, it is as if appellant had not appealed that issue. *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Jefferson's claims regarding his prison disciplinary conviction, therefore, are deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *see also Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

In addition, because Jefferson's appeal is without arguable merit, it is frivolous. *See Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983). Accordingly, the appeal is dismissed. *See* 5th Cir. R. 42.2.

The district court's dismissal of Jefferson's complaint as frivolous and this court's dismissal of his appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See, e.g.*, *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).   Jefferson is cautioned that, if he accumulates three such strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he "is under imminent danger of serious physical injury".   28 U.S.C. § 1915(g).

DISMISSED; SANCTION WARNING ISSUED.